```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH A. FERRARA, SR.; FRANK H.
FINKEL; MARC HERBST; DENISE
RICHARDSON; THOMAS F. CORBETT;
THOMAS GESUALDI; LOUIS BISIGNANO;
ANTHONY D'AQUILA; MICHAEL O'TOOLE;        MEMORANDUM & ORDER
BENEDETTO UMBRA, as Trustees and          13-CV-7191(JS)(AKT)
Fiduciaries of the Local 282
Welfare Trust, the Local 282 Pension
Trust Fund, the Local 282 Annuity
Trust Fund, the Local 282 Vacation
and Sick Leave Trust Fund, and the
Local 282 Job Training Trust Fund,

                    Plaintiffs,

        -against-

PJF TRUCKING LLC,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:    Joseph J. Vitale, Esq.
                   Tzvi N. Mackson, Esq.
                   Cohen Weiss and Simon LLP
                   330 West 42nd Street
                   New York, NY 10036

For Defendant:     No appearances.
```

SEYBERT, District Judge:

Currently pending before the Court is a motion for default judgment filed by plaintiffs Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, Thomas F. Corbett, Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, and Benedetto Umbra, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282

Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Vacation and Sick Leave Trust Fund, and the Local 282 Job Training Trust Fund ("Plaintiffs"), and Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"). For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiffs commenced this action on December 18, 2013 against defendant PJF Trucking LLC ("Defendant") for delinquent contributions pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a), and Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145.

Plaintiffs requested a certificate of default on January 15, 2014 (Docket Entry 5), which was entered by the Clerk of the Court the following day (Docket Entry 9). On February 14, 2014, Plaintiffs moved for default (Docket Entry 10), and, on February 19, 2014, the Court referred Plaintiffs' motion to Judge Tomlinson (Docket Entry 15).

On August 14, 2014, Judge Tomlinson issued her R&R. In it, she makes the following recommendations: (1) default judgment be entered against Defendant; (2) Plaintiffs should be awarded $10,197.31 in unpaid contributions stemming from underreported hours worked by employee William C.; (3)

Plaintiffs should be awarded $11,233.56 in unpaid contributions pursuant to Audit #11-0425; (4) Plaintiffs should be awarded $283,184.34 in estimated unpaid contributions pursuant to Audit #13-0759-E1; (5) the determination of interest should be deferred pending a brief inquest to resolve the discrepancy between Plaintiffs' calculations and Judge Tomlinson's calculations; (6) the determination of liquidated damages (which is predicated on the determination of interest) should be deferred until the Court has resolved the interest calculations; (7) Plaintiffs should be awarded $3,747.40 in audit fees[1]; (8) Plaintiffs should be awarded $15,840.50 in attorneys' fees; (9) Plaintiffs should be awarded $492.69 in costs; and (10) Defendant should be directed to provide all outstanding remittance reports due Plaintiffs pursuant to the terms of the applicable Collective Bargaining Agreements ("CBAs") and Trust Agreements, within thirty (30) days of the issuance of this Memorandum and Order.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the

---

[1] It appears that the R&R inadvertently listed the amount of audit fees as $3,747.50 in the conclusion section.

3

"court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Tomlinson's R&R. And the Court finds her R&R to be correct, comprehensive, well-reasoned, and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

CONCLUSION

Judge Tomlinson's R&R is ADOPTED in its entirety, and Plaintiffs' motion for default is GRANTED. Accordingly, the Court holds as follows:

(1) that default judgment be entered against Defendant;

(2) Plaintiffs are awarded $10,197.31 in unpaid contributions stemming from underreported hours worked by employee William C.;

(3) Plaintiffs are awarded $11,233.56 in unpaid contributions pursuant to Audit #11-0425;

(4) Plaintiffs are awarded $283,184.34 in estimated unpaid contributions pursuant to Audit #13-0759-E1;

(5) the determination of interest is DEFERRED pending a brief inquest to resolve the discrepancy between Plaintiffs' calculations and the Court's;

4

(6) the determination of liquidated damages (which is predicated on the determination of interest) is DEFERRED until the Court has resolved the interest calculations;

(7) Plaintiffs are awarded $3,747.40 in audit fees;

(8) Plaintiffs are awarded $15,840.50 in attorneys' fees;

(9) Plaintiffs are awarded $492.69 in costs; and

(10) Defendant is DIRECTED to provide all outstanding remittance reports due Plaintiffs pursuant to the terms of the applicable CBAs and Trust Agreements, within thirty (30) days of this Memorandum and Order.

Any issues regarding the inquest and calculation of interest and liquidated damages are HEREBY REFERRED to Judge Tomlinson to issue a Report and Recommendation and should be directed to her in the first instance.

The Clerk of the Court is directed to enter a Judgment consistent with this Memorandum and Order and to mark this matter CLOSED.

                                            SO ORDERED.

                                /s/ JOANNA SEYBERT
                                Joanna Seybert, U.S.D.J.

Dated:    September __22__, 2014
            Central Islip, NY